GEORGE P. GIFFORD *against* RINALDO M. WATERS AND OTHERS.

(Decided December 31st, 1875.)

When plaintiff was employed as clerk, under an agreement that he should receive, as salary, a sum equal to a certain proportion of the net profits of the business of the defendants, and should receive $35 weekly, on account of his salary, and no provision was made for repayment of such sums paid weekly, in case there were no profits realized from the business: *Held*, that plaintiff was in any event, whether profits were made or not, entitled to receive $35 per week as salary.

APPEAL by defendants from a judgment entered on the report of HENRY NICOLL, Esq., as referee.

The action was brought against the defendants on a contract of hiring. On June 29th, 1872, the defendants and the plaintiff entered into a contract in writing, by which the defendants agreed to employ the plaintiff as a clerk in their business for one year, from July 1st, 1872, and the plaintiff agreed to render services to the defendants for that period as a clerk. By this agreement the defendants agreed to pay the plaintiff as salary for his services "a sum which shall be equal to seven-fifteenths of one-quarter of the net profits of the business," and it was provided that the net profits of the business were to be estimated after deducting interest at seven per cent. on the capital and all expenses of the business, "except the aforesaid salary." It was also provided that the plaintiff should be entitled "to receive on account of his salary, weekly, not to exceed

$35 per week." At the expiration of the year provided for in the agreement, the agreement was mutually extended by the parties for the period of ten months, viz., to May 1st, 1874. On December 6th, 1873, the defendants discharged the plaintiff, who thereafter, and until May 1st, 1874, always held himself ready to continue his services as clerk, but the defendants refused to receive them. After May 1st, 1874, this action was brought to recover salary at the rate of $35 per week, and for an accounting of the profits. On the trial, however, the claim for an accounting was abandoned, and none was had. The defense attempted to be interposed was that the plaintiff had neglected his duties.

The referee found against this defense, and that the plaintiff was entitled to $35 per week up to May 1st, 1874.

*Henry Brace*, for appellants.

*W. I. Butler*, for respondent.

CHARLES P. DALY, Chief Justice.—There was a direct conflict between the plaintiff and the defendant Waters in respect to the question whether the plaintiff neglected his duties; and as to the specific ground upon which he was discharged. It amounted to the positive assertion of facts on the one side, and as positive a denial of them upon the other; and though the defendants' case upon these questions was much strengthened by the testimony of other witnesses whom they called, still, the testimony on the defendants' side was not of that controlling character that would justify our interfering with the finding of the fact by the referee, upon the assumption by us that his finding was erroneous. The referee saw the witnesses, heard them testify, and was better able to judge of their respective credibility than the appellate court. We are authorized to review the findings of a referee upon questions of facts, but to justify a conclusion on our part that his finding was erroneous, it should be very clear, or beyond all doubt, that he has erred; and this, we cannot say in this case.

Nothing is stated in the agreement regulating the plaintiff's

compensation as to what the result was to be, should no profits be made during the year—a very important circumstance, in view of the fact that the agreement provides that the plaintiff shall be entitled to receive weekly, on account of his salary, a sum not to exceed $35. This provision for the absolute payment to him of at least $35 a week, and which was paid to him regularly every week, appears to have proceeded upon the assumption that, at least, profits to that amount would be made during the year; an assumption that was justified by the result during the first year of the agreement, in which the profits overran that amount by several hundred dollars. I think, therefore, that it must be assumed that this agreement contemplated a payment to the plaintiff, absolutely, in each week, of $35; that that payment was not to depend upon the amount of profits, or the fact whether they were made or not; that it was not to be regarded as an advance made, which was to be repaid by the clerk to the firm at the end of the year, if no profits were made, or in which any excess of payments beyond profits were to be restored by him. This is to be inferred from the nature of his employment as a clerk, and the obvious necessity that persons of that class are under, to receive every week or month what is essential to enable them to support themselves during the week or month. The fact that the entire salary, instead of being fixed at a specific sum for the year, was to be regulated by the amount of the net profits of the business, that is, by the payment of a sum for salary, which should be equal to seven-fifteenths of one-quarter of the net profits of the year, was obviously an arrangement by which he, and the other clerks, whose salaries were regulated in the same way, should have a strong inducement to do everything in their power in the discharge of their respective duties that would tend to make the business as profitable as possible, producing thereby increased benefit to themselves as well as to their employers. I think the clear intention was that the plaintiff, as well as the other clerks, was to be paid absolutely each week the specific sum provided for, without any condition for the repayment of it or of any part of it by them, in any event, and that, at the end of the year, if the profits made would yield anything in

addition to the sum so received by them, that then such additional sum should be paid as would, together with the sum previously received, be equal to the proportion that each clerk was entitled, by the agreement, to receive, of the one-quarter of the net profits made during that year. That being my interpretation of the agreement, then $35 a week, which the referee allowed, was a fair measure of the plaintiff's damages during the time that elapsed from the plaintiff's dismissal, to the time for which he was hired, no profits during that time, according to the defendant Waters' testimony, having been made in the business. The plaintiff, during the whole of the time for which he recovered, was unable to find any other employment, and being, during the whole of the period, willing and ready to perform the agreement on his part, this $35 a week was the exact measure of his loss. This being my construction of the agreement, the finding of the referee was right, and the judgment should be affirmed.

LOEW, J., concurred.

Judgment affirmed.